IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| DARRIUS L. CAPERS, | * | |
| Plaintiff, | * | |
| VS. | * | CASE NO. 6:05-CV-58 (WLS) |
| | | 28 U.S.C. § 2254 |
| RONALD BRAWNER, SUPERINTENDENT, | * | |
| | * | |
| Defendant. | | |
| | * | |

**REPORT AND RECOMMENDATION**

Before the court is Respondent's Motion to Dismiss Petition As Untimely. On February 6, 2004, Petitioner Capers, who is currently incarcerated in the Augusta Transitional Center in Augusta, Georgia, was convicted of possession of cocaine with the intent to distribute and use of a communication facility to facilitate the distribution of illegal drugs. Petitioner was sentenced to thirty (30) years in prison with ten (10) to serve. The Petitioner thereafter filed a direct appeal to the Georgia Court of Appeals wherein the Court affirmed his convictions on April 15, 2005. Petitioner's Motion for Reconsideration was thereafter denied and his application for Writ if Certiorari filed with the Georgia Supreme Court was denied on September 19, 2005.

In his Motion to Dismiss (R- 4), the Respondent contends that the Petitioner failed to file a state habeas corpus petition, thus requesting that the court dismiss the petition as Petitioner has failed to exhaust his available state remedies.

It is well settled that, absent extraordinary circumstances, a federal court will not determine the merits of claims contained in a habeas corpus petitioner, until they have been exhausted in state court.  *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728 (1999); *Rose v. Lundy*, 455 U.S. 509, 519, 102 S. Ct. 1198 (1982); *Picard v. Conner*, 404 U.S. 270, 275, 92 S. Ct. (1971).  Title 28 of the United States Code, Section 2254(b) provides:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>    (A) the applicant has exhausted the remedies available in the courts of the State; or
>    (B) (i) there is an absence of available State corrective process; or
>       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

In his complaint, the Petitioner averred that he filed a direct appeal of his convictions to the Georgia Court of Appeals.  He contended that after the convictions were affirmed, he filed a Motion for Reconsideration which was denied.  He then noted that he filed a Writ of Certiorari with the Georgia Supreme Court which was also denied.  No mention of filing a state habeas corpus petition with any Superior Court in the State of Georgia was made.  Furthermore, after receiving notice of the Respondent's Motion to Dismiss and his right to

respond thereto, the Petitioner merely filed another brief supporting his original petition. In what he entitled Brief in Adverse to Respondent's Answer-Response (R- 10), the Petitioner failed to explain to the court how he has exhausted all of his available state remedies, but merely reiterates the procedural history of the case, along with his enumerations of error.

This court is generally not authorized to entertain a petition for federal habeas corpus relief where the Petitioner has not exhausted his available state remedies, unless the Respondent waives the exhaustion requirement, which has not been done in this case. Petitioner's Application, therefore, should be dismissed without prejudice, allowing Petitioner to exhaust his state remedies. Petitioner may file another application at the conclusion of his state court proceedings.

WHEREFORE, it is hereby **RECOMMENDED** that petitioner's instant action be **Dismissed Without Prejudice** so that he may proceed to exhaust his state remedies.

Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this RECOMMENDATION with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 23rd day of January, 2006.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

sWe